IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM CHESTER COLE,
    Petitioner,

v.                                     Case No. 3:09cv216/WS/CJK

EDWIN G. BUSS,
    Respondent.
_____

## REPORT AND RECOMMENDATION

       This habeas corpus case filed under 28 U.S.C. § 2254 is before the court upon respondent's motion to dismiss the petition as moot due to petitioner's death. (Doc. 46). Attached to respondent's motion is the affidavit of Stacey Hayes, Correctional Services Administrator in the Bureau of Admission and Release of the Florida Department of Corrections stating that petitioner died February 6, 2011, while incarcerated at the Reception and Medical Center. (Doc. 46, Hayes Aff.). Because petitioner has died, his petition for writ of habeas corpus is now moot and must be dismissed. *See Garceau v. Woodford*, 399 F.3d 1101 (9th Cir. 2005) ("Because petitioner's death renders this case moot, the petition for a writ of habeas corpus should be dismissed as moot."); *McClendon v. Trigg*, 79 F.3d 557, 558 (7th Cir. 1996) (dismissing as moot a § 2254 petition to set aside prison disciplinary action that took away good time credits due to petitioner's subsequent death); *Knapp v. Baker*, 509

F.2d 922 (5th Cir. 1975) (dismissing § 2254 appeal as moot where petitioner died during pendency of appeal; directing district court to dismiss the case as moot).

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 46) be GRANTED.

2. That this case be DISMISSED as moot and the clerk directed to close the file.

At Pensacola, Florida this 19th day of April, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).